ALEXANDER DIXON v. THE STATE.

A mark is admissible as proof of the ownership of hogs, although such mark be not recorded.

Appeal from Rusk.  Tried below before the Hon. William W. Morris.

It appeared from the bill of exceptions, that the mark which defendant had recorded was the same as McCauly's ; but it was recorded May 1st, 1856, whereas the indictment was found at the Fall Term, 1855 ; the capias was executed May 2nd, 1856.

*Attorney General*, for appellee.

ROBERTS, J.  Appellant was indicted for stealing a hog, the property of John R. McCauly, of the value of five dollars. The indictment is in the usual form for petty larceny.  There is no judgment of the Court below upon any exception to the indictment.  Upon the trial a verdict and judgment was rendered in favor of the State, imposing upon the defendant a fine of fifty cents and imprisonment for six hours.  There is no charge asked by appellant, or exceptions taken to the charge given.  There is no statement of facts in the record.  A motion for new trial was made, in which the only ground of error set up is, " in permitting the State to prove that John R. McCauly had a mark, when it was admitted by the State that his, McCauly's, mark was not of record and the defendant's mark was of record."  This was founded on an exception to the evidence which appears of record.  Without a statement of facts, this Court cannot determine whether or not the rights of the party have been injuriously affected by the admission of the evidence.  If we could, however, by reference to the

statute concerning marks and brands, (Art. 2432, Hart. Dig.) it will be seen that the exception was taken in a misconception of the law, and is not tenable. There is no brief filed by appellant or his counsel, pointing out any errors in the case.

Not before, but after the trial, appellant shews by his affidavit that he is in indigent circumstances ; not for the purpose of having his innocence manifested, but to be relieved from the costs of the prosecution. Upon this the Court did not act.

If the appellant be innocent, and has suffered in his rights by errors committed below, he labors under the misfortune of not having exhibited to this Court the least vestige of them ; and it is difficult to see, from the record, any good reason why this case should have been brought here, when its only result must have been to perpetuate the infamy of this poor man, by the records of the highest Court in the State.

Judgment affirmed.